TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Emmanuel Nkuranga

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Emmanuel Nkuranga, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Transworld Systems, Inc., | **1. THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Emmanuel Nkuranga (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Transworld Systems, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Albuquerque, New Mexico, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Beverly Hills, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

2

COMPLAINT FOR DAMAGES

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. In 2020, Plaintiff noticed that Defendant was reporting the debt on his credit report.

12. On or about December 10, 2020, Plaintiff contacted Defendant to inquire about settling the debt.

13. Defendant informed Plaintiff that he owed a total amount of $1,699.14, but Defendant offered to settle the debt for a one-time payment of $764.61.

14. Plaintiff paid Defendant $764.61 and was told that the debt would be removed from his credit report within 15-30 days.

15. On or about December 30, 2020, Plaintiff called Defendant back to inquire about the status of the debt being removed from his credit report.

COMPLAINT FOR DAMAGES

16. Defendant told Plaintiff that the previous representative was mistaken and should not have offered to settle the debt. Defendant further informed Plaintiff that he still owed the remaining balance of $934.53.

17. Defendant's actions caused Plaintiff a great deal of confusion, stress, and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

20. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

21. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

23. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

24. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

25. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26. Defendant collected an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

27. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: April 5, 2021          TRINETTE G. KENT

By:   /s/  *Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff,
Emmanuel Nkuranga